**UNITED STATES of America, et al., Plaintiffs,**

v.

**FIRST DATA & Concord EFS, Inc., Defendants.**

**No. CIV.A.03–2169(RMC).**

United States District Court, District of Columbia.

Oct. 31, 2003.

Craig W. Conrath, Renata B. Hesse, U.S. Department of Justice, Bennett C. Rushkoff, Charlotte Wartman Parker, Office of Corporation Counsel, D.C., Washington, DC, for Plaintiffs.

Jeffrey T. Green, Sidley, Austin, Brown & Wood LLP, Gerard P. Finn, Bingham McCutchen LLP, Mark L. Kovner, Kirkland & Ellis LLP, Washington, DC, James Mutchnik, Stephen R. Patton, Kirkland & Ellis LLP, Chicago, IL, for Defendants.

### *SCHEDULING AND CASE MANAGEMENT ORDER*

COLLYER, District Judge.

***COUNSEL SHOULD CAREFULLY REVIEW THIS ORDER AND NOTE ADDITIONS AND MODIFICATIONS MADE TO THE PROPOSED ORDER SUBMITTED BY THE PARTIES.***

In accordance with FED. R. CIV. P. 16, it is this 31st day of October, 2003, hereby **ORDERED** that:

### I. *SCHEDULE*

1. *Response to the Complaint.* The United States having filed its Complaint on October 23, 2003, Defendants shall file their answers to the Complaint no later than October 31, 2003.

2. *Discovery Period Excluding Expert Witness Discovery.* The period for all fact discovery shall begin upon entry of this order and shall be completed by December 5, 2003. All discovery shall be served in a time frame that will permit timely responses, under this Order or pursuant to the Federal Rules of Civil Procedure, by December 5, 2003.

3. *Expert Witness Reports and Depositions.* Each party shall serve initial expert report(s) in conformity with FED. R. CIV. P. 26(a)(2) no later than November 19, 2003. Initial expert reports shall contain all opinions held by the expert as of November 19, 2003 but need be based only on information in the possession of the respective party(ies) on or before October

23, 2003. Each party shall serve supplemental and rebuttal expert report(s) on December 1, 2003. Supplemental expert report(s) shall be limited to information disclosed to the submitting side after October 23, 2003 and prior to November 24, 2003 and may also contradict or rebut evidence in an opposing side's previously disclosed expert report(s). Unless otherwise agreed, depositions of the parties' experts shall be conducted after the exchange of the above-referenced reports and shall be completed by December 11, 2003. The parties agree that communications with counsel, including draft expert reports, are not subject to discovery.

4. *Exchange of Witness Lists.* The parties shall exchange witness lists, compiled in accordance with FED. R. CIV. P. 26(a)(3)(A), no later than November 10, 2003, limited to 15 witnesses per side, including experts. No more than 5 witnesses may be added or substituted for witnesses previously listed, but in no event may the total number of witnesses included in the November 21 witness list exceed 15. All substitutions shall be made by November 21, 2003, except by agreement among the parties or by order of this Court upon good cause shown. The parties shall exchange tentative trial witness lists containing the order of their witnesses and the estimated time of direct examination on December 10, 2003. The parties shall exchange final trial witness lists containing the order of their witnesses and the estimated time of direct examination and cross examination on December 12, 2003. These witness lists and time estimates, on December 10 and December 12, shall be submitted to the Court.

5. *Daubert Hearing.* The Court will hold a hearing on *Daubert* and sufficiency of expert disclosure issues on December 5, 2003, to start at 1:00 p.m. and to terminate no later than 5:00 p.m.. To save trial time, this hearing shall be held for the benefit of the Court to explore the bases for expert opinions even if there are no disputes that require a *Daubert* hearing.

6. *Pre–Trial Briefs.* The parties shall submit pre-trial briefs to the Court on or before December 10, 2003.

7. *Pre–Trial Conference.* The Court will schedule a pre-trial conference as its calendar permits.

8. *Trial.* A trial shall be held, beginning on December 15, 2003, and proceeding for seven business days through December 23, 2003. The estimated trial time is fifty (50) hours, to be conducted with chess clocks and divided between Plaintiffs and Defendants. At the status conference to be held on Wednesday, November 5, 2003, Plaintiffs are directed to inform the Court of the expected division of trial time amongst Plaintiffs, and Defendants are directed to inform the Court of the expected division of trial time amongst Defendants. Each side may also advance its position as to the percentage of trial time it should receive.

## II. CASE MANAGEMENT

9. *Initial Disclosure.* The parties shall not be required to provide initial disclosures pursuant to Rule 26(a).

10. *Limit on Number of Depositions.* Each side may take no more than 25 fact witness depositions, excluding any document custodian depositions that may be necessary to establish the admissibility of documents.

11. *Limit on Duration of Depositions.* In accordance with Rule 30(d)(2) of the Federal Rules of Civil Procedure, all depositions are limited to one day 7 hours in length. To the extent either side takes more than 3.5 hours of deposition testimony of a non-party deponent, the other side

shall be permitted to exceed 3.5 hours by an equal amount of time. If any party seeks to depose a non-party witness for more than 3.5 hours, that party will provide all parties with 48 hours notice of an intention to exceed the 3.5 hour limitation on deposition examination. The parties and non-parties, if applicable, may stipulate to additional time for individual depositions. The deposition of defendants' 30(b)(6) witness as concerning alleged efficiencies shall be limited to two days in length. Absent agreement of the parties, the duration of depositions provided for in this Order may be modified only by order of this Court for good cause shown.

12. *Use of the Government's Investigative Oral Examination Transcripts of Party Witnesses.* Defendants will not object on hearsay grounds to the admissibility of transcripts of oral examinations of individuals who were their employees when examined, that were conducted by the Plaintiffs during Plaintiffs' investigation of the transaction underlying this action. Proffered testimony must be identified by line and page number at the same time and in the same manner as deposition designations. If Plaintiffs offer investigative deposition testimony at trial, and the Defendants were not permitted to defend the deposition, these witnesses may be called at trial for purposes of cross-examination and re-direct.

13. *Limit on the Number of Rule 45 Document Subpoenas.* Neither side shall serve more than 25 document subpoenas on non-parties.

14. *Limits on Written and Document Discovery.* All document requests to parties shall be responded to and responsive documents produced within 10 calendar days after service. Parties will produce documents in either hard copy form, or, in the case of electronic documents, in the native electronic format (or a mutually agreeable format). Defendants agree to maintain documents previously produced to the Government through the Daticon website with at least the same level of availability and functionality as has been provided over the past 10 days. Plaintiffs need not produce either of the Defendant's documents to either of the Defendants. Each party need only produce two copies of responsive documents to the other side. Each side shall be limited to propounding no more than 10 Requests For Admissions and 10 Interrogatories.

15. *Exchange of Deposition Designations.* The parties shall exchange (page and line number) designations of deposition testimony to be offered at trial no later than December 8, 2003. Each party must provide objections and counter designations to designated deposition testimony no later than December 11, 2003. Fairness designations applicable solely to counter designations and objections to any counter designations shall be exchanged no later than December 12, 2003. Full copies of any depositions or investigative oral examinations that the parties may rely upon at trial or in brief shall be submitted to the Court no later than December 8, 2003. If either party offers deposition testimony in lieu of live trial testimony, such witness(es) may be called at trial for purposes of cross-examination and re-direct.

16. *Exchange of Exhibits and Exhibit Lists.* No later than December 8, 2003, the parties will exchange numbered sets of all exhibits that the parties anticipate introducing at trial, limited to 200 document exhibits per side (excluding demonstrative exhibits, which do not need to be included on exhibit lists, but, unless otherwise agreed or ordered, need to be served on all counsel of record at least 48 hours before any such exhibit may be introduced, or otherwise used, at trial), compiled in numerical order in notebooks and with lists

of the exhibits itemizing each exhibit by date and Bates number (if applicable) and a brief description. Such lists will be compiled in an agreed upon electronic format capable of being sorted by exhibit number, chronological order, and Bates-stamp alphabetical and numerical order. All documents contained on a party's exhibit list must have been previously produced during the investigation underlying this action or during discovery in this case. The parties will exchange any objections to the exhibits to be offered by the other side no later than December 11, 2003. Exhibit lists need not include exhibits used solely for purposes of cross examination or rebuttal. Exhibit lists properly itemized shall be submitted to the Court no later than December 8, 2003.

17. *Service of Pleadings and Discovery on Other Parties.* Plaintiff and Defendants shall serve all pleadings and discovery requests, including Rule 45 subpoenas for documents, on the other parties (to person(s) designated by that party) by either e-mail or facsimile (on the day of service or filing). Any party served by e-mail will promptly confirm receipt. Plaintiff and Defendants shall serve the Washington D.C. office of counsel representing the other parties, on the day of filing, if attachments are not transmitted by e-mail or facsimile. Electronic delivery (with confirming receipt) shall constitute hand delivery for purposes of calculating discovery response times under the Federal Rules. To minimize burdens on non-parties, any documents produced to a party by a non-party, pursuant to a Rule 45 subpoena for documents, shall be copied by the party that issued the subpoena and served by overnight delivery by that party on the other side within one business day after receipt of the documents.

18. *Nationwide Service of Subpoenas.* Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties are permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness that is otherwise "unavailable" for purposes of FED. R. CIV. P. 32, and FED. R. EVID. 804, available under those rules.

19. *Consummation of the Transaction.* The Defendants shall not consummate the proposed transaction for at least five business days following a final order by this Court.

20. *Evidentiary Presumptions.* Documents produced by non-parties or a party from its own files shall be presumed to be authentic and business records within the meaning of FED. R. EVID. 901 and 803(6) provided that the party intending to introduce such a document gives 5 days written notice (specifying production numbers or the equivalent) of its intent to the other parties. If the opposing side serves a specific good faith written objection to the document's authenticity or its status as a business record within 5 days of receiving the notice, the above presumption will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objections. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

21. *Discovery Dispute Resolution:* Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to Local Rule LCvR 26.2 and expected to fully conform with its directives. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m), to confer in good faith in an

effort to resolve any discovery dispute before bringing it to the Court's attention. If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior conference with the Court and opposing counsel.

22. *Weekly Status Conference:* A weekly telephonic status conference is scheduled for each Wednesday at 4:45 p.m.

23. *Modification of this Order.* This Order shall control the subsequent course of this action, unless modified by agreement of the parties and approved by the Court or modified by the Court for good cause shown.

**SO ORDERED.**